## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 2:21-CV-4060-PD** |
| | ) | **Hon. Paul S. Diamond** |
| **EUREKA STONE QUARRY, INC.,** | ) ) | |
| **Defendant.** | ) ) ) | |

## CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action against Defendant Eureka Stone Quarry, Inc. (hereinafter, "Defendant") to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  In its Complaint, EEOC alleged that Defendant violated Title VII by subjecting Harold Powell to a hostile work environment because of his race (Black) and retaliation and by constructively discharging him because of his race (Black) and retaliation. Defendant denies committing any violations of the law.

As a result of settlement discussions, EEOC and Defendant (hereinafter, collectively the "Parties") desire to resolve this action without the time, expenditure, and risk of contested litigation.  Accordingly, the Parties agree that this action should be resolved through entry of this Consent Decree ("Decree").

By consenting to resolution of the action by this Decree, Defendant does not admit liability for any of the claims pleaded in EEOC's Complaint.

This Decree, once approved and entered by the Court, shall fully and finally resolve all claims alleged in EEOC's Complaint filed in this case.

## STIPULATIONS

A.      The Parties acknowledge the jurisdiction of the United States District Court for the Eastern District of Pennsylvania over the subject matter of this action and the Parties to this action for purposes of entering this Decree and, if necessary, enforcing this Decree.

B.      Venue is proper in this judicial district for purposes of entering this Decree and any proceedings related to enforcement of the Decree.

C.      The Parties agree that all conditions precedent to the institution of this action have been fulfilled.

D.      In the event this Consent Decree is not approved or does not become final, then it shall not be admissible in evidence in any subsequent proceeding in this action. Further, Defendant's execution of this Decree and its submission to, or approval by, the Court, shall not be construed as an admission by Defendant that the Decree may be used as evidence in any other proceeding.

## FINDINGS

Having carefully examined the terms and provisions of this Decree, and based on the pleadings and stipulations of the Parties, the Court finds the following:

A.      The Court has jurisdiction over the subject matter of this action and the Parties.

B.      The terms of the Decree are lawful, fair, adequate, reasonable, and just.

C.      The Decree conforms to the Federal Rules of Civil Procedure and Title VII, and it is not in derogation of the rights or privileges of any person.  The entry of this Decree will further

the interests of Title VII and will be in the best interest of the Parties, those for whom EEOC seeks relief, and the public.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## DEFINITIONS

A.      As used in this Decree, the terms *complaint* or *complaints* shall mean any allegation or report made by any employee or job applicant or other person acting on their behalf, whether or not substantiated by evidence, whether or not made in conformity with Defendant's established procedures (so long as knowledge of the complaint may be imputed to Defendant), made by any means of communication, regarding potential harassment or discrimination (including but not limited to race and retaliatory harassment or other discrimination), allegedly committed by any employee, officer, director, owner, contractor, vendor or customer of Defendant.

B.      The term *days* shall mean calendar days unless business days are clearly specified in a provision of the Decree.  If any deadline referenced in this Decree shall fall on a weekend or a federal holiday, the deadline shall be moved to the next business day.

C.      The term *effective date* shall refer to the date that the Court approves and enters the Decree as a final order.

D.      The term *employee* shall be construed in accordance with applicable Title VII case law defining the meaning of the term "employee" and "employer."  The term "employee" shall specifically include all full-time, part-time and temporary employees of Defendant.

## INJUNCTION

1.      Defendant, its owners, officers, directors, agents, successors and assigns are hereby enjoined from engaging in any employment practice that discriminates against any person because

3

of race, including but not limited to (a) creating, facilitating, or tolerating the existence of a hostile work environment because of race; (b) failing to exercise reasonable care to prevent or correct a hostile work environment because of race; and/or (c) taking any adverse action, or subjecting any person to an adverse alteration in the terms or conditions of employment, because of race.

2.     Defendant, its owners, officers, directors, agents, successors and assigns are hereby enjoined from engaging in any form of retaliation against any person because such person has (a) opposed any practice made unlawful or reasonably believed to be unlawful under Title VII; (b) filed a charge of discrimination under Title VII; (c) testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII; (d) requested or received relief under this Decree; and/or (e) asserted any rights under this Decree.

## MONETARY RELIEF

3.     Within ten (10) days of the Effective Date, Defendant shall pay monetary relief to Harold Powell in the total amount of $58,000.00, of which $7300.00 shall constitute back pay, $1450.00 shall constitute compensatory damages for past pecuniary losses, and $49,250.00 shall constitute compensatory damages for emotional distress.

4.     Defendant shall make all applicable payroll tax withholdings required by law from the amount payable to Mr. Powell as back pay. Defendant shall be responsible for paying its own share of payroll tax liability required by law. Defendant shall not make withholdings from the amount payable to Mr. Powell as compensatory damages for emotional distress and for past pecuniary losses.

5.     Payment to Mr. Powell shall be completed using two checks: one check for the amount constituting back pay (less required federal, state, and local payroll tax withholdings) and a second check for the amount constituting compensatory damages for emotional distress and past

4

pecuniary losses.  Defendant shall deliver the two checks for monetary relief payable to "Harold Powell" via certified U.S. mail (with a return receipt requested) or express overnight delivery to Mr. Powell at an address to be provided by EEOC. The check for the amount constituting back pay shall be accompanied by a written description setting forth the type and amount of all payroll tax withholdings made.  Within five (5) days of the date of delivery of the two checks to Mr. Powell, Defendant shall transmit to EEOC photocopies of both checks, the written description of payroll tax withholdings, and proof of delivery.

6.     In the event that Defendant is unable to successfully make delivery of one or more of the checks required to be delivered by Paragraph 5, above, Defendant shall promptly notify the Commission of that fact, confer with the Commission about alternative methods of delivery, and then exercise reasonable diligence to attempt successful delivery of the check(s) by alternate methods.

7.     At the time that such tax documents are issued to other persons, Defendant Eureka Stone Quarry, Inc. shall issue to Mr. Powell an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-MISC for the monetary relief amount constituting compensatory damages.

## DESIGNATION OF EEO OFFICER

8.     Within seven (7) days of the effective date of this Decree, Defendant shall designate James Furey to serve as Equal Employment Opportunity ("EEO") Officer.

(a) The EEO Officer shall be responsible for implementing the terms of this Decree and for receiving, investigating and responding to all complaints of alleged harassment and discrimination prohibited by the policies described in Paragraph 11, below.

5

(b) The EEO Officer shall possess all authority reasonably necessary to carry out her/his/their responsibilities under this Decree, including but not limited to the authority to compel Defendant's officers and employees to cooperate with interviews or other requests for information; to seek technical assistance from any person in aid of carrying out the EEO Officer's responsibilities, including obtaining paid services of a third-party consultant as the EEO Officer deems warranted; to implement anti-harassment and other equal employment opportunity training in addition to any training required by this Decree; to formulate plans for carrying out actions to stop any harassment or discrimination from occurring, to prevent its reoccurrence, and to eliminate any lingering adverse effects of past harassment or discrimination; and to implement actions to stop any harassment or discrimination from occurring, to prevent its reoccurrence, and to eliminate any lingering adverse effects of past harassment or discrimination, including but not limited to imposing adverse employment actions against employees who committed such harassment or discrimination (or knowingly tolerated it while employed in a managerial capacity), up to and including immediate discharge from employment.

(c) The individual designated as EEO Officer shall be knowledgeable of Title VII and other antidiscrimination statutes governing employment and shall receive professional training on equal employment opportunity requirements and proficient, lawful methods and techniques for investigating and responding to employee complaints of alleged harassment and discrimination. To satisfy this

6

requirement, the EEO Officer shall, at a minimum, attend the trainings set forth in Paragraphs 15 and 16, below.

(d) In the event that the EEO Officer is no longer able to serve in that capacity, Defendant shall promptly identify, assign, and train as set forth herein one or more officers to replace the EEO Officer. Immediately upon designation of any new EEO Officer, Defendant shall exercise reasonable diligence to notify all owners, officers, and employees of the name, work location, and contact information (including phone number and email address) of the new EEO Officer.

## TITLE VII NOTICE

9.      Within ten (10) days of the effective date of this Decree, Defendant shall post a copy of the Notice to All Employees, attached hereto as Exhibit A (hereinafter, "Notice"), in a conspicuous location accessible to all employees at (a) Defendant's principal business offices; and (b) each of the facilities where Defendant's employees work. The Notice shall be signed by an officer of Defendant. The Notice shall be posted for three (3) years from the effective date of this Decree. Defendant shall ensure that the Notice required under this Paragraph remains posted, and that it is not altered, defaced, or covered by any other material, for the duration of this Decree.

10.     Within fifteen (15) days of the effective date of this Decree, Defendant shall certify, in writing to EEOC, that they have complied with the posting requirements in Paragraph 9, above.

## DEVELOPMENT OF TITLE VII POLICIES AND PROCEDURES

11.     Within thirty (30) days of the effective date of this Decree, Defendant shall update and implement its anti-discrimination policy and complaint procedure for employees to make complaints of discrimination and harassment (hereinafter, collectively referred to as "Policies"),

which shall be submitted to EEOC for review before implementation.  The Policies shall comport with Title VII requirements and include at least the following minimum content:

(a)     **Anti-Discrimination Policy.**  This policy shall contain (i) a description of the kinds of conduct that constitutes prohibited harassment and discrimination, including but not limited to race harassment and discrimination and retaliatory harassment and discrimination; (ii) a statement that Defendant will not permit the creation of a hostile work environment because of race, retaliation, or any other protected classification under federal anti-discrimination laws governing employment; (iii) a statement that Defendant will act promptly and forcefully to eliminate any hostile work environment that exists, including imposition of disciplinary action; (iv) a statement that employees will not be subjected to any retaliation or reprisals for complaining about harassment or discrimination; (v) a discussion of the kinds of retaliation prohibited under Title VII, with examples; (vi) a statement that race harassment, retaliatory harassment, and other forms of harassment or discrimination will not be tolerated and that any employee (including managerial or supervisory employees) found in violation of the policy will be subject to disciplinary action, up to and including immediate discharge from employment; (vii) a statement that all complaints of harassment or discrimination will be promptly, thoroughly, and impartially investigated; (viii) a statement that all managerial and supervisory employees have a duty to monitor the work environment to ensure there is no prohibited harassment or discrimination and that failure to carry out this duty shall be grounds for disciplinary action, up to and including immediate discharge from employment; and (ix) a requirement that all

8

managerial and supervisory employees have a duty under the policy to promptly report any and all complaints of alleged harassment or discrimination, or any harassment or discrimination that they have observed or suspect may have occurred, to the EEO Officer designated pursuant to Paragraph 8, above, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including immediate discharge from employment.

(b)     **Complaint Procedure.**  This complaint procedure shall include (i) a description of multiple avenues for employees to make complaints of harassment and discrimination, including reporting such complaints to the EEO Officer designated pursuant to Paragraph 8, above, any managerial or supervisory employee, or a company owner.  The name and contact information (including phone numbers and e-mail addresses) of the EEO Officer shall be provided.  The complaint procedure shall be designed to be reasonably accessible to all employees, shall deem oral complaints or reports to be sufficient to initiate an investigation, shall not impose any time limit on the making of such complaints or reports, and shall not otherwise impose unreasonable burdens or requirements on employees seeking to complain or report; (ii) a statement that Defendant shall promptly, thoroughly and impartially investigate all complaints or reports of harassment or discrimination, and shall keep complaints and reports confidential except to the extent disclosure of information is necessary to conduct the investigation, take corrective or preventive actions, or comply with government inquiries; (iii) a statement that Defendant will not retaliate against any individual who makes a complaint of harassment or discrimination or who provides information or assistance in any investigation of such complaint; (iv)

9

a statement that Defendant will promptly notify the complaining person of its investigation findings and any disciplinary action taken in response to his/her/their complaint; and (v) a statement that an employee may file a charge of discrimination with the U.S. Equal Employment Opportunity Commission or any applicable state fair employment practices agency (and provide contact information for such agencies), in addition to filing a complaint with Defendant.

12.     EEOC has previously reviewed the Policies referenced above to ensure they conform to the minimum content set forth in Paragraph 11.

13.     To implement the Policies, Defendant shall: (a) integrate the Policies into any employee manual or other policy manuals; (b) distribute the Policies to each of their current owners who are actively involved in the operation of Eureka, officers, directors, the EEO Officer, and employees (both managerial and non-managerial); and (c) obtain a signed acknowledgement that each owner who is actively involved in the operation of Eureka, officer, director, the EEO Officer, and employee (both managerial and non-managerial) has read and understood the Policies. The signed acknowledgements referenced in this Paragraph shall be retained for the duration of this Decree.

14.     Within ten (10) days from the date that Defendant implements the Policies required by Paragraph 11, above, Defendant shall send to EEOC a copy of the final Policies implemented by Defendant and certify, in writing to EEOC, that such Policies have been implemented in the manner set forth in Paragraph 13, above.

## TITLE VII TRAINING

15.     Within ninety (90) days from the effective date of this Decree, Defendant shall provide no less than one (1) hour of mandatory training on Title VII and Defendant's Policies to

the EEO Officer and to all of Defendant's owners who are actively involved in the operation of Eureka, officers, and employees. This training shall be conducted live (either in-person or by remote means) and involve an interactive component. The training content shall accurately convey Title VII requirements and, at a minimum, include a discussion of the following topics: (a) Title VII's prohibition against harassment and discrimination, including but not limited to race and retaliation-based harassment and discrimination; (b) the kinds of conduct that constitutes prohibited race harassment and discrimination, including examples of such conduct; (c) the kinds of conduct that constitutes retaliation prohibited under Title VII, including examples of such conduct; (d) Defendant's Policies required by Paragraph 11, above; (e) Defendant's procedures for reporting, investigating, and responding to allegations of harassment and discrimination; and (f) the disciplinary consequences for any employees, including but not limited to managerial and supervisory employees, found in violation of Defendant's Policies.

16.     Within ninety (90) days from the effective date of this Decree, Defendants shall provide no less than two (2) hours of mandatory training to the EEO Officer designated pursuant to Paragraph 8, and to any other of Defendant's owners who are actively involved with the operation of Eureka, officers, or employees with authority to investigate or respond to employee complaints of harassment and discrimination, regarding proficient, lawful methods and techniques for conducting investigations and responding to employee complaints of harassment discrimination, including formulating plans for corrective action and implementing corrective and preventive actions such as disciplinary action. At a minimum, the training shall include a discussion of the following topics:

> (a) Defendant's requirement that all managerial and supervisory employees have a duty under Defendant's Policies to actively monitor the work environment to ensure

there is no prohibited harassment or discrimination and to promptly report any and all complaints or observations of alleged harassment or discrimination to the EEO Officer designated pursuant to Paragraph 8, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including immediate discharge from employment;

(b) sources of potential evidence/information that could be considered in a company harassment investigation;

(c) standards for conducting interviews and techniques for assessing witness credibility, particularly but not exclusively for situations in which there is conflicting testimony or an absence of corroboration;

(d) the need to conduct thorough interviews concerning all potential harassing or discriminatory incidents regardless of whether they were initially identified by the complainant or were the subject of the complaint;

(e) the need to document complaint investigations, including taking and retaining notes of interviews conducted and fully documenting questions and answers;

(f) the need to investigate whether corroborative evidence exists, but that corroborative evidence is not required to make a finding that allegations of discrimination or harassment are substantiated or well-founded;

(g) an acknowledgment that information regarding past complaints, allegations, or investigations of harassment or discrimination of a similar nature and involving the same individual then-being investigated shall be considered highly relevant evidence in any pending investigation;

(h) Defendant's personnel conducting investigations into allegations of harassment or discrimination are required to research whether such past complaints or investigations exist by reviewing all records available to them;

(i) Defendant's former employees and personnel records may be sources of highly relevant evidence and should be contacted during investigations, if appropriate;

(j) legal standards and methods of proof for drawing inferences about the motivation for alleged harassing or discriminatory acts;

(k) complaint and investigation procedures must be conducted in a manner reasonably calculated to ensuring language accessibility for all individuals with whom Defendant communicates (e.g., Spanish language communications with limited English proficient workers whose first language is Spanish through an interpreter or direct communication with a Defendant official authorized to conduct the investigation who is a fluent Spanish language speaker);

(l) the need to ensure that, in response to employee complaints of discrimination and harassment, Defendant undertakes corrective action reasonably calculated to end any harassing or discriminatory conduct and to prevent its reoccurrence;

(m) post-investigation procedures for monitoring the work environment, including but not limited to conducting follow-up interviews of employees and explicitly asking such persons whether any harassment or discrimination of a similar type to that investigated is ongoing or has taken place since the original complaint;

(n) the need to monitor and audit any post-complaint or investigation personnel actions taken against any complainants or witnesses to any investigations to ensure that retaliation is not taking place; and

(o) Defendant's record-retention obligations under this Decree relating to any discrimination and harassment complaints or investigations.

17.     Defendant shall select one or more qualified third-parties to conduct the trainings required by Paragraphs 15 and 16, above.  At least fifteen (15) days before the date that Defendant intends to conduct the trainings required by Paragraphs 15 and 16, it shall submit to EEOC for review (a) the name(s) and curriculum vitae of the proposed instructors that Defendant has selected for the trainings; (b) copies of the proposed training materials; and (c) a list of all persons (by name and job title) who will be required to attend the trainings.

18.     After Defendant transmits to EEOC the information set forth in Paragraph 17, EEOC shall be afforded a period of ten (10) days to conduct a pre-implementation review of the proposed instructors and training materials and provide any comments concerning the trainings that EEOC deems warranted.  Upon request by EEOC, Defendant shall (a) confer in good faith with EEOC concerning the trainings and any EEOC comments and/or (b) make arrangements for any proposed instructors to confer with EEOC.

19.     Defendant shall create and maintain attendance logs listing the name and job title of all persons who attend the trainings required by Paragraphs 15 and 16, above, the date(s) of training, and the subject matter of the training.  Within thirty (30) days from the date that Defendant conducts the trainings required by Paragraphs 15 and 16, above, it shall send to EEOC a copy of the final training materials for each training, the attendance logs, and a list of persons to whom Defendant is required by this Decree to present such training but who did not receive it.

20.     For the duration of this Decree, Defendant shall also provide the training required by Paragraph 16, above, to all new EEO Officers and to any new Defendant owners, officers, and employees who assume responsibility for investigating or responding to employee complaints of

14

discrimination and harassment if such persons have not previously received the training. This training shall be completed within ten (10) days of the date that such persons start in their new positions or duties and may be presented by requiring the persons receiving training to view a video recording of the original training session required by Paragraph 16, provided that the persons receiving training by presentation of video recording are given the name, title, and contact information of an individual who is reasonably qualified to answer any questions about the subject matter of the training. Within thirty (30) days from the date that Defendant presents the trainings required by this Paragraph, they shall send to EEOC a list of the names and job titles of persons who received the training and the date of the training.

## RECORD KEEPING AND REPORTING REQUIREMENTS

21.      For the duration of this Decree, Defendant shall retain all documents related to (a) the Policies required by Paragraph 11, including any changes to the Policies or their implementation; (b) the training materials, attendance logs, and acknowledgments set forth in Paragraphs 13, 17, 19 and 20; (c) any complaints of harassment or discrimination that Defendant receives from its employees; and (d) any investigations and corrective or preventive actions that Defendant undertakes in response to such complaints. Such documents shall include, but are not limited to, any and all written correspondence, notes, emails, photographs, video recordings, text messages, policies, PowerPoints, training materials, memoranda, written statements, charges of discrimination, internal complaint documents, lawsuits, witness statements, internal reports, investigation findings, and disciplinary actions. Copies of all such documents shall be produced to EEOC within fourteen (14) days of any written request for their production by EEOC.

22.     For the duration of this Decree, Defendant shall submit to EEOC reports concerning all complaints alleging race harassment, race discrimination, and/or retaliation that it receives from any person and Defendant's response to such complaints.

23.     At a minimum, the reports required by Paragraph 22, above, shall include: (a) the date of the complaint; (b) a detailed description of the complaint allegations; (c) the full name, job title, residence address, and last known phone number(s) of the person who made the complaint; (d) the full name and job title of all person(s) against whom the complaint was made; (e) the full names and job titles of all Defendant personnel who conducted or participated in the investigation of such complaint; (f) the full name(s), job title(s), residence address(es), and last known phone number(s) of all persons interviewed in connection with the investigation; (g) a complete narrative description of the questions asked of, and statements made by, any persons interviewed in connection with the investigation; and (h) any investigation findings and/or corrective or preventive actions that Defendant undertook in response to such complaint.

24.     The reports required by Paragraphs 22-23, above, shall be sent to EEOC no later than thirty (30) days after Defendant's receipt of any complaints, with a second report for each complaint due no more than ten (10) days after Defendant takes final action in response to the complaint.  All reports shall be transmitted to Supervisory Trial Attorney Ronald L. Phillips at EEOC's Baltimore Field Office.

25.     Defendant shall comply with the record-retention requirements imposed by 29 C.F.R. § 1602.14.

### DISPUTE RESOLUTION AND COMPLIANCE REVIEW

26.     Upon motion of EEOC regarding any provision of this Decree, this Court may schedule a hearing for the purpose of reviewing Defendant's compliance with this Decree.  Prior

to filing such motion, EEOC shall notify Defendant, in writing, of its alleged noncompliance. Upon receipt of written notice, Defendant shall have fifteen (15) days either to correct the alleged non-compliance, and so inform EEOC, or deny the alleged non-compliance, in writing.

    (a)  If the Parties cannot in good faith resolve their dispute, EEOC may file a Motion to seek review by the Court;

    (b)  Each Party shall bear its own costs, expenses, and attorney fees incurred in connection with such action; and

    (c)  Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Eastern District of Pennsylvania.

27.    In the event that EEOC, its agents, and employees possesses a reasonable suspicion that Defendant has violated any provision of this Decree, they shall have legal authority to enter any of Defendant's facilities, with reasonable prior notice to Defendant and its counsel, and obtain access to any and all documents for the purposes of inspection and duplication, conduct interviews or depositions of any person, inspect any area of the facility, and perform any other investigatory technique or procedure permitted by Title VII and EEOC's regulations. EEOC shall also have the legal authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the prompt production of relevant documents to ensure compliance with any provision of this Decree. EEOC may at any time move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of this Paragraph. Neither EEOC's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other EEOC authority to conduct investigations of Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII; the Equal Pay Act ("EPA"); the Age Discrimination in

17

Employment Act ("ADEA"); Titles I or V of the Americans with Disabilities Act, as amended; the Genetic Information Nondiscrimination Act of 2008; and any other statute over which EEOC is given jurisdiction in the future; and conducting directed investigations under the EPA, ADEA, and any future statute that authorizes directed investigations.

### COURT COSTS AND ATTORNEY FEES

28.     The Parties shall each bear their own costs, expenses, and attorney fees in this action.

### EFFECTIVE DATE, DURATION, AND RETENTION OF JURISDICTION

29.     The effective date of this Decree shall be the date that the Court approves and enters the Decree as a final order of the Court.

30.     The provisions of this Decree shall remain in effect for a period of three (3) years immediately following the Decree's effective date, provided, however, that if, at the end of the three (3) year period, any disputes under Paragraph 26, above, remain unresolved, or any monetary relief payments required by Paragraphs 3-5, above, remain unpaid, the duration of the Decree shall be automatically extended until there is a final disposition of such dispute or such payment(s) are completed.

31.     For the duration of this Decree, this Court shall retain jurisdiction over this action to enforce the terms of the Decree and shall have all available remedies to enforce the Decree, including but not limited to monetary sanctions and injunctive relief.

### MISCELLANEOUS PROVISIONS

32.     The terms of this Decree shall be binding upon Defendant and all of their present and future owners, officers, directors, managers, agents, successors, and assigns.

18

33.     This Decree constitutes the entire agreement and commitments of the Parties on matters raised herein and no other statement, promise, or agreement, either written or oral, made by either Party or an agent of any Party, not contained in this Decree shall be enforceable.

34.     If any provision(s) of this Decree is found to be unlawful, only the specific provision(s) in question shall be affected and all other provisions of this Decree shall remain in full force and effect.

35.     When this Decree requires Defendant to submit reports, certifications, notices, or other materials to EEOC, they shall be sent via email, certified U.S. mail, or overnight express delivery to:

> Ronald L. Phillips
> Supervisory Trial Attorney
> U.S. Equal Employment Opportunity Commission
> Baltimore Field Office
> George H. Fallon Federal Building
> 31 Hopkins Plaza, Suite 1432
> Baltimore, MD 21201
> Email:  ronald.phillips@eeoc.gov

36.     In the event that the Parties propose to make any modifications to this Decree by their mutual consent, they shall submit such proposed modifications to the Court by Joint Motion, and such modifications shall not be effective unless approved by order of the Court.

37.     This Decree may be executed in counterparts.

[remainder of page intentionally left blank]

**AGREED BY:**

FOR THE U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

_____
DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated:_____

_____
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
Ohio I.D. # 0070263
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6714
ronald.phillips@eeoc.gov

Dated:_____

FOR EUREKA STONE QUARRY, INC.

_____
BRIAN W. WAERIG
PA I.D. # 81534
Susanin, Widman & Brennan, P.C.
1001 Old Cassatt Rd., Suite 306
Berwyn, PA 19312
(484) 329-6863
bwaerig@swbcounsellors.com

*Attorney for Defendant*

Dated: 2/21/22

_____
ALICE MEEHAN
VICE PRESIDENT
EUREKA STONE QUARRY, INC.

Dated: 2/21/22

**IT IS SO ORDERED:**

Date: _____

_____
HONORABLE PAUL S. DIAMOND
United States District Judge

**AGREED BY:**

**FOR THE U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

*Debra M. Lawrence*    By R. L. P.
                        per
                        Authorization

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: 2/22/2022

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
Ohio I.D. # 0070263
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6714
ronald.phillips@eeoc.gov

Dated: 2/22/2022


**FOR EUREKA STONE QUARRY, INC.**

BRIAN W. WAERIG
PA I.D. # 81534
Susanin, Widman & Brennan, P.C.
1001 Old Cassatt Rd., Suite 306
Berwyn, PA 19312
(484) 329-6863
bwaerig@swbcounsellors.com

*Attorney for Defendant*

Dated:_____


ALICE MEEHAN
VICE PRESIDENT
EUREKA STONE QUARRY, INC.

Dated:_____


**IT IS SO ORDERED:**

Date:  February 22, 2022

/s/ Paul S. Diamond
HONORABLE PAUL S. DIAMOND
United States District Judge

EXHIBIT A

21



## NOTICE TO ALL EMPLOYEES
## POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is being posted pursuant to a federal court order in the matter of *U.S. EEOC v. Eureka Stone Quarry, Inc.*, Civil Action No. 2:21-cv-04060-PD (E.D. Pa.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, against Eureka Stone Quarry, Inc.

To resolve the lawsuit, Eureka Stone Quarry and the EEOC have entered into a Consent Decree which provides, among other things, that:

(1) Eureka Stone Quarry is prohibited by federal court order and federal law from discriminating against employees because of race, including but not limited to subjecting any employees to racial harassment;

(2) Eureka Stone Quarry is prohibited by federal court order and federal law from retaliating against any person because he or she has complained of or reported possible race harassment or discrimination or opposed any other practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any investigation or proceeding under Title VII, or asserted any rights under the Consent Decree; and

(3) Eureka Stone Quarry will provide mandatory training to all employees on racial harassment, race discrimination and retaliation, company policies prohibiting such behavior, and company procedures for making complaints or reports about such behavior.

EEOC enforces federal laws that prohibit discrimination in employment on the basis of race, color, national origin, sex, religion, disability, age, pregnancy/childbirth/related medical conditions, genetic information, or retaliation for opposing practices reasonably believed to be discriminatory or filing or participating in a charge of discrimination. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have a right under federal law to contact EEOC and to report that discrimination or retaliation. EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, ASL videophone for deaf/hard of hearing callers at 844-234-5122, or via e-mail at *info@eeoc.gov*. EEOC is a law enforcement agency and charges no fees to receive and investigate complaints. **This Notice must remain posted for three years from the date below and must not be altered, defaced, or covered by any other material.**

_____           _____
Date                                              For:  Eureka Stone Quarry, Inc.

22